# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM GEORGE KERCE, | : | Civil No. 3:10-CV-1647 |
| | : | |
| Plaintiff, | : | |
| | : | (Judge Kosik) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| HARLEY LAPPIN, et al. | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

The Plaintiff, a Federal inmate housed at the United States Penitentiary, Lewisburg, commenced this action by filing a *pro se* complaint on August 9, 2010. (Doc. 1). In his complaint Kerce names the Director of the Federal Bureau of Prisons, Harley Lappin; the Warden at the Lewisburg Penitentiary, B.A. Bledsoe; and an SIS Technician, identified only as "N. Dreese", as Defendants. (Id.)

Kerce's complaint recites that he is housed in the Special Management Unit (SMU) at Lewisburg, and alleges in a summary fashion that the practice of housing two inmates in each cell in this unit constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United states Constitution. Kerce's

1

complaint goes on to premise the liability of Defendants Lappin and Bledsoe upon their supervisory roles within the federal prison system, alleging that Defendant Lappin is liable because he approved the Bureau of Prisons program statement governing special management units, and that Warden Bledsoe's liability springs from the fact that he is in charge of overall operations at the Lewisburg Penitentiary. Kerce then demands relief from the Defendants in the form of an injunction directing that prisoners in the Special Management Unit "be housed, without exception, on single-cell status, one inmate per cell."(Id.)

Along with his complaint, Kerce has filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.) We will GRANT this motion, but having examined the Plaintiff's complaint we are notifying the Plaintiff that many of these allegations are subject to summary dismissal and we are directing the Plaintiff to file an amended complaint or otherwise respond to this order for the reasons set forth below.

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints which seek redress against government officials. Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a

civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the Court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has recently aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (12007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more

heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court recently underscored that a trial court must assess whether a

complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In <u>Ashcroft v. Iqbal</u>, __U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Id.</u> at 1950. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> at 1949. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

<u>Id.</u> at 1950.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter <u>Iqbal,</u> when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must

then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

Applying this standard, the Court places the Plaintiff on notice that many of the allegations in the *pro se* complaint may be subject to dismissal for failure to state a claim upon which relief can be granted.

At the outset, to the extent that Kerce's complaint is premised on a broad assertion that the double-celling policy at the SMU constitutes a *per se* violation of the Eighth Amendment, this claim clearly fails. Indeed, an identical assertion has been flatly rejected by this Court. In Harrison v. Bledsoe, No. 09-1600, 2010 WL 186804 (M.D. Pa. Jan. 13, 2010), this Court was presented with a claim by a Lewisburg SMU inmate that conditions at the SMU amounted to cruel and unusual punishment in violation of the Eighth Amendment. In terms that are equally applicable here, the Court rejected that claim holding instead that:

> Eighth Amendment claims must satisfy both an objective component (the deprivation must be sufficiently serious) and a subjective component (the defendant must have been deliberately indifferent). Young v. Quinlan, 960 F.2d 351, 359-60 (3d Cir.1992). As to the objective component, the Eighth Amendment is violated only when an inmate is deprived of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347(1981). As to the subjective component, the question is whether the prison official acted with deliberate indifference to the inmate's health or safety. Hudson v. McMillian, 503 U.S. 1, 8,(1992). "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of

6

confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). Double celling inmates is not *per se* unconstitutional. Rhodes, supra, 452 U.S. at 352. Doubling celling may, however, amount to cruel and unusual punishment if combined with other adverse conditions. Nami v. Fauver, 82 F.3d 63, 67 (3d Cir.1996). Considerations that are relevant in determining if double celling violates the Eighth Amendment "include the length of confinement, the amount of time prisoners must spend in their cells each day, sanitation, lighting, bedding, ventilation, noise, education and rehabilitation programs, opportunities for activities outside the cells, and the repair and functioning of basic physical facilities such a plumbing, ventilation, and showers." Id.

The plaintiff alleges that he has been in the SMU since June of 2008, that he is double celled for twenty-three hours a day and that such double celling leads to tension and stress. The plaintiff, however, has not alleged the size of his cell in the SMU, and, apart from alleging that the temperature in the cells is higher than outside temperatures, he has not alleged the physical condition of his cell in the SMU. The plaintiff alleges generally that the inmates in the SMU are violent and that double celling leads to tension. However, he has not alleged that he suffered a substantial injury from another inmate or facts from which it can reasonably be inferred that he is in imminent danger of substantial injury as a result of being double celled. The plaintiff's allegations regarding the conditions of the SMU, even when combined with the other alleged restrictions imposed on inmates in the SMU, do not raise a plausible inference that the plaintiff was denied the minimal civilized measure of life's necessities or that the defendants acted with deliberate indifference to his health or safety. Accordingly, the amended complaint fails to state an Eighth Amendment claim upon which relief may be granted.

Harrison v. Bledsoe, No. 09-1600, 2010 WL 186804, *5-6 (M.D.Pa. Jan 13, 2010).

In addition, to the extent that Kerce seeks an injunction mandating a specific housing arrangement in prison for himself, it must be noted that in the past inmates like Kerce have frequently sought injunctive relief compelling prison officials to provide them with specific cell accommodations. Yet, such, requests, while often

made, are rarely embraced by the courts. Instead, courts have routinely held that prisoner-plaintiffs are not entitled to use the court's power to enjoin as a vehicle to compel prison officials to provide them with specific housing arrangements. See, e.g., Emile v. SCI-Pittsburgh, No. 04-974, 2006 WL 2773261, *6 (W.D.Pa.. Sept. 24, 2006) (denying inmate preliminary injunction in the form of z-code cell status); Brown v. Sobina, No. 08-128E, 2008 WL 4500482 (W.D.Pa. Oct. 7, 2008)(denying inmate preliminary injunction); Messner v. Bunner, No. 07-112E, 2009 WL 1406986 (W.D.Pa. May 19, 2009)(denying inmate preliminary injunction in the form of z-code cell status).

Finally, to the extent that Kerce seems to seek to hold the warden and director of the Bureau of Prisons personally liable for housing decisions in the Lewisburg SMU simply by virtue of their supervisory roles in the prison system, his complaint runs afoul of the basic legal tents that guide supervisory liability in civil rights matters. It is well-settled that a claim of a constitutional deprivation cannot be premised merely on the fact that the named Defendant was the prison warden, or a prison supervisor, when the incidents set forth in the complaint occurred. Quite the contrary, to state a claim under §1983, the Plaintiff must show that the supervisory Defendants, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. §1983; Morse v. Lower Merion School Dist., 132 F.3d 902 (3d Cir. 1997); see also Maine v.Thiboutot, 448 U.S. 1

(1980). Liability under § 1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence in the challenged practice. Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997).

In particular, with respect to prison supervisors it is well-established that:

> "A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988).

Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).

Kerce has not pleaded facts establishing personal direction or actual knowledge and acquiescence in unconstitutional conduct by the supervisory prison officials named in his complaint. This failure may be fatal with respect to Kerce's claims as to these Defendants.

In this case, without the inclusion of some further well-pleaded factual allegations, the assertions made by Kerce appear to be little more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [which as a legal matter] do not suffice." Ashcroft v. Iqbal, supra 129 S.Ct. At 1979. We recognize, however, that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, See Fletcher-Hardee Corp. v. Pote Concrete Contractors,

9

482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Since the *pro se* complaint may not contain sufficient factual recitals to state a claim upon which relief may be granted, or otherwise may seek relief which cannot be afforded to the Plaintiff, the Plaintiff is placed on notice that these allegations may be subject to dismissal under 28 U.S.C. § 1915A, and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The Court will, however, provide the Plaintiff with an opportunity to correct this potential deficiency in the *pro se* complaint, and avoid the possible sanction of dismissal of claims. Accordingly, **IT IS ORDERED** that the Plaintiff shall file an amended complaint or otherwise respond to this order on or before **September 1, 2010**. Any amended complaint or response shall be complete in all respects, and should address the issues raised by this Order. It shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. Any amended complaint shall be titled as an amended complaint and shall contain the docket number of this case. If the Plaintiff fails to file an amended complaint or otherwise respond by **September 1, 2010**, the Court will assume that the Plaintiff cannot provide further well-pleaded facts in support of this complaint, and will make appropriate recommendations regarding whether the complaint should be

dismissed, for failure to prosecute by complying with this Court's order or for failure to state a claim upon which relief may be granted.

                                        ***S/Martin C. Carlson***
                                        Martin C. Carlson
                                        United States Magistrate Judge

Dated: August 12, 2010.