# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM GEORGE KERCE,** | : | **Civil No. 3:10-CV-1647** |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Judge Kosik)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **HARLEY LAPPIN, et al.** | : | |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

The Plaintiff, a Federal inmate who was formerly housed in the Special Management Unit at the United States Penitentiary, Lewisburg, commenced this action by filing an initial *pro se* complaint on August 9, 2010. (Doc. 1.) In his initial complaint Kerce named the Director of the Federal Bureau of Prisons, Harley Lappin; the Warden at the Lewisburg Penitentiary, B.A. Bledsoe; and an SIS Technician, known only as "N. Dreese", as Defendants. (Id.)

Kerce's initial complaint recited that he was housed in the Special Management Unit (SMU) at Lewisburg, and alleged in a summary fashion that the practice of housing two inmates in each cell in this unit constituted cruel and unusual punishment in violation of the Eighth Amendment to the United states Constitution.

Kerce then demanded relief from the Defendants in the form of an injunction directing that prisoners in the Special Management Unit "be housed, without exception, on single-cell status, one inmate per cell."(Id.)

Along with his complaint, Kerce filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.) On August 12, 2010, we granted this motion, but having examined the Plaintiff's complaint, notified Kerce that many of these allegations were subject to summary dismissal and directed the Plaintiff to file an amended complaint in this case.

Kerce complied with this directive by filing an amended complaint on August 12, 2010. (Doc. 8.) Like his original complaint, Kerce's amended complaint contained a series of allegations concerning conditions of confinement at the SMU in the Lewisburg Penitentiary. (Id.) After reciting these prison conditions, Kerce's amended complaint set forth a specific, and narrowly tailored, prayer for relief. Specifically, Kerce sought only injunctive relief in this complaint, and simply requested that the Court enter an injunction prohibiting "coerced celling of inmates" in the SMU, and requiring prison officials to adopt a policy "to make double-celling elective, at the involved inmate[']s discretion." (Id.)

We ordered this complaint for injunctive relief served upon the Defendants, who have now moved to dismiss the complaint. (Doc. 24.) In the meanwhile, events

transpired which made Kerce's request for injunctive relief relating to his cell preferences at the Lewisburg Penitentiary SMU largely moot. Specifically, Kerce has reported that he is currently housed at the Medical Center for Federal Prisoners in Springfield, Missouri, where he is presently undergoing treatment for various chronic medical problems. (Doc. 21.) Despite the fact that Kerce no longer is housed in the SMU, he has filed a response in opposition to the motion to dismiss his complaint, which seeks injunctive relief relating to conditions at this prison facility. (Doc. 32.) Accordingly, the motion is now ripe for resolution.

For the reasons set forth below it is recommended that Kerce's complaint be dismissed.

## II.    <u>Discussion</u>

### A.    <u>Rule 12(b)(6)– The Legal Standard.</u>

The Defendants have filed a motion to dismiss this complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This Court, in turn,  has an independent statutory obligation to conduct a review of *pro se* complaints which seek redress against government officials.  Specifically, we are

obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in

pertinent part:

> **(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> **(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

> (2) seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the Court must assess whether a *pro se* complaint "fails

to state a claim upon which relief may be granted."  This statutory text mirrors the

language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides

that a complaint should be dismissed for "failure to state a claim upon which relief

can be granted."  Fed. R. Civ. P. 12(b)(6). With respect to this benchmark standard

for legal sufficiency of a complaint, the United States Court of Appeals for the Third

Circuit has aptly noted the evolving standards governing pleading practice in federal

court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell</u>

> Atlantic Corp. v. Twombly, 550 U.S. 544 (12007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly,

the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District

Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

Applying this standard, we recommend that Kerce's complaint be dismissed, but for reasons different than those posited by the Defendants in their motion to dismiss in this case. Specifically, we find that Kerce's complaint for injunctive relief, which seeks a court order requiring prison officials to adopt a policy "to make double-celling elective, at the involved inmate[']s discretion," (Id.) is now both moot and meritless.

**B.      Kerce's Complaint, Which Only Seeks Injunctive Relief Forbidding Double-Celling at the Lewisburg SMU, Should Be Dismissed As Moot Since Kerce is No Longer Housed at the Lewisburg Penitentiary**

Specifically, we find that Kerce's complaint was premised on a broad assertion that the double-celling policy at the SMU constituted a *per se* violation of the Eighth Amendment. We further find that Kerce sought only injunctive relief in his complaint, in the form of a court order prohibiting "coerced celling of inmates" in the SMU, and requiring prison officials to adopt a policy "to make double-celling elective, at the involved inmate[']s discretion." (Doc. 8, pp. 13-14.) While Kerce sought to enjoin the

exercise of discretion by prison officials at the Lewisburg Penitentiary regarding housing and cell placement decisions in that prison's SMU, we also find that it is entirely undisputed that Kerce no longer is housed at this facility.

This simple fact raises a threshold obstacle to Kerce maintaining this lawsuit, which only seeks injunctive relief relating to housing decisions at a prison where he is no longer incarcerated. Upon consideration, we conclude that Kerce's removal from Lewisburg Penitentiary renders his claim for injunctive relief moot, and this claim should be dismissed. In general, an inmate-plaintiff's transfer to another prison, or his release, moots a request for declaratory or injunctive relief. See, e.g., Bronson v. Overton, Civ. A. No. 08-52E, 2010 U.S. Dist. LEXIS 60003, at *1 n.1 (E.D. Pa. May 27, 2010); Fortes v. Harding, 19 F. Supp. 2d 323, 326 (M.D. Pa. 1998) ("Fortes' transfer to another institution moots any claims for injunctive or declaratory relief."). Indeed, as this Court has previously observed, in a case such as this, where an inmate seeks injunctive relief against his jailers but is later transferred from the prison where these injunctive claims arose:

> [H]is request[] to enjoin the defendants from interfering with his [rights] is academic. See Muslim v. Frame, 854 F.Supp. 1215, 1222 (E.D.Pa.1994). In other words, [the prisoner-plaintiff's] transfer to another institution moots any claims for injunctive or declaratory relief. See Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3rd Cir.1993); Weaver v. Wilcox, 650 F.2d 22, 27 (3rd Cir.1981).

> Fortes v. Harding, 19 F.Supp.2d 323, 326 (M.D.Pa.1998).

As the United States Court of Appeals for the Third Circuit has observed in addressing inmate requests for injunctive relief:

> As a preliminary matter, we must determine whether the inmates' claims are moot because "a federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." Preiser v. Newkirk, 422 U.S. 395, 401 (1975) (quotations omitted); see also Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir.1993). An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims. Abdul-Akbar, 4 F.3d at 197 (former inmate's claim that the prison library's legal resources were constitutionally inadequate was moot because plaintiff was released five months before trial).

> Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003).

These principles control here, and compel dismissal of this injunction action as moot at this time since Kerce is no longer housed at the Lewisburg Penitentiary SMU and there is no indication that he will be housed at that facility in the foreseeable future.

## C. Kerce's Action for Injunctive Relief Also Fails Because Kerce Has Not Shown an Entitlement to an Injunction Authorizing Him to Choose His Own Cell-Mates

Entirely aside from these considerations of mootness, Kerce's *pro se* complaint, which would effectively enjoin prison officials from housing him with another inmate at the Lewisburg SMU without his consent fails for another, more fundamental reason. Kerce simply has not shown that he is entitled to an injunction allowing him

to pick and choose his cell-mates when he is housed in a maximum security prison special management unit.

Kerce faces an exacting burden when he seeks to preliminarily or permanently enjoin federal officials from housing two inmate in a cell at the Lewisburg Penitentiary SMU. At the outset, *pro se* pleadings, like those filed here, which seek extraordinary, or emergency relief, in the form of preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure and are judged against exacting legal standards. As the United States Court of Appeals for the Third Circuit has explained: "Four factors govern a district court's decision whether to issue a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief, (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994) (quoting SI Handling Systems, Inc. v. Heisley, 753 F.2d 1244, 1254 (3d Cir. 1985)). See also Highmark, Inc. v. UPMC Health Plan, Inc., 276 F.3d 160, 170-71 (3d Cir.2001); Emile v. SCI-Pittsburgh, No. 04-974, 2006 WL 2773261, *6 (W.D.Pa. Sept. 24, 2006)(denying inmate preliminary injunction).

A preliminary injunction is not granted as a matter of right. Kerschner v. Mazurkewicz, 670 F.2d 440, 443 (3d Cir. 1982)(affirming denial of prisoner motion

for preliminary injunction seeking greater access to legal materials). It is an extraordinary remedy. Given the extraordinary nature of this form of relief, a motion for preliminary injunction places precise burdens on the moving party. As a threshold matter, "it is a movant's burden to show that the "preliminary injunction must be the only way of protecting the plaintiff from harm." Emile, 2006 WL 2773261, at * 6 (quoting Campbell Soup Co. v. ConAgra, Inc., 977 F .2d 86, 91 (3d Cir.1992)). Thus, when considering such requests, courts are cautioned that:

> "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis deleted). Furthermore, the Court must recognize that an "[i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case." Plain Dealer Publishing Co. v. Cleveland Typographical Union # 53, 520 F.2d 1220, 1230 (6th Cir.1975), cert. denied, 428 U.S. 909 (1977). As a corollary to the principle that preliminary injunctions should issue only in a clear and plain case, the Court of Appeals for the Third Circuit has observed that "upon an application for a preliminary injunction to doubt is to deny." Madison Square Garden Corp. v. Braddock, 90 F.2d 924, 927 (3d Cir.1937).

Emile, 2006 WL 2773261, at *6.

Accordingly, to sustain this burden of proof that he is entitled to a preliminary injunction under Fed. R. Civ. P. 65, the Plaintiff must demonstrate both a reasonable likelihood of success on the merits, and that he will be irreparably harmed if the requested relief is not granted. Abu-Jamal v. Price, 154 F.3d 128, 133 (3d Cir. 1998);

<u>Kershner</u>, 670 F.2d at 443. If the movant fails to carry this burden on either of these elements, the motion should be denied since a party seeking such relief must "demonstrate *both* a likelihood of success on the merits and the probability of irreparable harm if relief is not granted." <u>Hohe v. Casey</u>, 868 F.2d 69, 72 (3d Cir. 1989)(emphasis in original), (quoting <u>Morton v. Beyer</u>, 822 F.2d 364 (3d Cir. 1987)).

In addition, with respect to the second benchmark standard for a preliminary injunction, whether the movant will be irreparably injured by denial of the relief, in this context it is clear that:

> Irreparable injury is established by showing that Plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." <u>Instant Air Freight Co. v. C.F. Air Freight, Inc</u>., 882 F.2d 797, 801 (3d Cir.1989) ("The preliminary injunction must be the only way of protecting the plaintiff from harm"). Plaintiff bears this burden of showing irreparable injury. <u>Hohe v. Casey</u>, 868 F.2d 69, 72 (3d Cir.), <u>cert. denied</u>, 493 U.S. 848, 110 S.Ct. 144, 107 L.Ed.2d 102 (1989). In fact, the Plaintiff must show *immediate* irreparable injury, which is more than merely serious or substantial harm. <u>ECRI v. McGraw-Hill, Inc</u>., 809 F.2d 223, 226 (3d Cir.1987). The case law provides some assistance in determining that injury which is irreparable under this standard. "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for ...'." <u>Acierno v. New Castle County</u>, 40 F.3d 645, 653 (3d Cir.1994) (citations omitted). Additionally, "the claimed injury cannot merely be possible, speculative or remote." <u>Dice v. Clinicorp, Inc</u>., 887 F.Supp. 803, 809 (W.D.Pa.1995). An injunction is not issued "simply to eliminate the possibility of a remote future injury ..." <u>Acierno</u>, 40 F.3d at 655 (citation omitted).

<u>Messner</u>, 2009 WL 1406986, at *4 .

Similarly, Kerce's request for a permanent injunction prohibiting "coerced celling of inmates" in the SMU, and requiring prison officials to adopt a policy "to make double-celling elective, at the involved inmate[']s discretion" (Doc. 8, pp.13-14), requires a specific and precise legal showing. It is clearly established that: "A court may issue a permanent injunction [only] where the moving party has demonstrated that: (1) the exercise of jurisdiction is appropriate; (2) the moving party has actually succeeded on the merits of its claim; and (3) the 'balance of equities' favors granting injunctive relief. Ciba-Geigy Corp. v. Bolar Pharmaceutical Co., 747 F.2d 844 (3d Cir.1984)." Chao v. Rothermel, 327 F.3d 223, 228 (3d Cir. 2003).

Viewed in light of these controlling legal standards, Kerce's claim for injunctive relief–the only relief sought by the Plaintiff in this action–fails for at least two reasons.

First, Kerce cannot show an entitlement to any equitable relief since he cannot demonstrate that the housing arrangements at the Lewisburg Penitentiary SMU violate the Eighth Amendment's prohibition against cruel and unusual punishment. Indeed, an identical assertion has been flatly rejected by this Court. In Harrison v. Bledsoe, No. 09-1600, 2010 WL 186804 (M.D. Pa. Jan. 13, 2010), this Court was presented with a claim by a Lewisburg SMU inmate that conditions at the SMU amounted to cruel and unusual punishment in violation of the Eighth Amendment. In

terms that are equally applicable here, the Court rejected that claim holding instead that:

> Eighth Amendment claims must satisfy both an objective component (the deprivation must be sufficiently serious) and a subjective component (the defendant must have been deliberately indifferent). Young v. Quinlan, 960 F.2d 351, 359-60 (3d Cir.1992). As to the objective component, the Eighth Amendment is violated only when an inmate is deprived of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347(1981). As to the subjective component, the question is whether the prison official acted with deliberate indifference to the inmate's health or safety. Hudson v. McMillian, 503 U.S. 1, 8,(1992). "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). Double celling inmates is not *per se* unconstitutional. Rhodes, supra, 452 U.S. at 352. Doubling celling may, however, amount to cruel and unusual punishment if combined with other adverse conditions. Nami v. Fauver, 82 F.3d 63, 67 (3d Cir.1996). Considerations that are relevant in determining if double celling violates the Eighth Amendment "include the length of confinement, the amount of time prisoners must spend in their cells each day, sanitation, lighting, bedding, ventilation, noise, education and rehabilitation programs, opportunities for activities outside the cells, and the repair and functioning of basic physical facilities such a plumbing, ventilation, and showers." Id.

The plaintiff alleges that he has been in the SMU since June of 2008, that he is double celled for twenty-three hours a day and that such double celling leads to tension and stress. The plaintiff, however, has not alleged the size of his cell in the SMU, and, apart from alleging that the temperature in the cells is higher than outside temperatures, he has not alleged the physical condition of his cell in the SMU. The plaintiff alleges generally that the inmates in the SMU are violent and that double celling leads to tension. However, he has not alleged that he suffered a substantial injury from another inmate or facts from which it can reasonably be inferred that he is in imminent danger of substantial injury as a result of being double celled. The plaintiff's allegations regarding

the conditions of the SMU, even when combined with the other alleged restrictions imposed on inmates in the SMU, do not raise a plausible inference that the plaintiff was denied the minimal civilized measure of life's necessities or that the defendants acted with deliberate indifference to his health or safety. Accordingly, the amended complaint fails to state an Eighth Amendment claim upon which relief may be granted.

Harrison v. Bledsoe , No. 09-1600, 2010 WL 186804, *5-6 (M.D.Pa. Jan 13, 2010).

Similarly, in Mitchell v. Dodrill, 696 F. Supp. 2d. 454 (M.D. Pa. 2010) this Court expressly rejected a claim by a Lewisburg SMU inmate that double-celling prisoners in this facility violated the Eighth Amendment, stating that:

It is well-settled that double celling inmates is not *per se* unconstitutional. Rhodes, 452 U.S. at 348. See also Harrison v. Bledsoe, Civ. No. 1:09-cv-01600, 2010 WL 186804, at *6 (M.D.Pa. Jan. 13, 2010) (finding no Eighth Amendment claim where the plaintiff alleges he is double-celled for twenty-three hours a day in SMU and that such double-celling leads to tension and stress); Henry v. Wilson, Civ. No. 2:05-cv-648, 2007 WL 2746717, at *5 (W.D.Pa. Sept. 17, 2007) (denying Eighth Amendment claim where the plaintiff fails to produce any evidence that his conditions in a double cell deprived him of any basic human need). Double celling may, however, amount to cruel and unusual punishment if combined with other adverse conditions. Nami v. Fauver, 82 F.3d 63, 67 (3d Cir.1996). Considerations that are relevant in determining if double celling violates the Eighth Amendment "include the length of confinement, the amount of time prisoners spend in their cells each day, sanitation, lighting, bedding, ventilation, noise, education and rehabilitation programs, opportunities for activities outside the cells, and the repair and functioning of basic physical facilities such as plumbing, ventilation, and showers." Id. Here, [plaintiff] alleges that he has been forced to live in a cell that is too small for two inmates. However, he does not allege that he was singled out for the double-celling or that his health or life is or was endangered by the condition. Further, he has not shown that he suffered a substantial injury from another inmate or facts from which it can be reasonably

inferred that he is in imminent danger of substantial injury as a result of being double celled. Since the court has already determined that the other conditions complained of do not deprive [plaintiff] of "the minimal civilized measure of life's necessities," Griffin v. Vaughn, 112 F.3d at 709, nor indicate that prison officials "knew of and disregarded an excessive risk to [Mitchell's] health or safety," Farmer, 511 U.S. at 837, [plaintiff's] disappointment here with the double-celling practice in the SMU does not amount to cruel and unusual punishment.

Mitchell v. Dodrill, 696 F.Supp.2d 454, 468 -469 (M.D.Pa. 2010). See also, Hunter v. Bledsoe, No. 10-927, 2010 WL 3154963 (M.D. Pa. Aug. 9, 2010)(held SMU inmate has no constitutional right to single-cell status). Thus, Kerce's complaint for injunctive relief fails because he cannot meet the first requirement for such relief; he has not "actually succeeded on the merits of [his Eighth Amendment] claim." Chao v. Rothermel, 327 F.3d 223, 228 (3d Cir. 2003)(citation omitted.)

In addition, Kerce cannot meet the final requirement prescribed for a permanent injunction. He cannot show that "the 'balance of equities' favors granting injunctive relief. Ciba-Geigy Corp. v. Bolar Pharmaceutical Co., 747 F.2d 844 (3d Cir.1984)." Chao v. Rothermel, 327 F.3d 223, 228 (3d Cir. 2003). Indeed, to the extent that Kerce seeks a permanent injunction mandating that he consent to any specific housing arrangement in prison for himself, it is clear that inmates like Kerce have frequently sought injunctive relief compelling prison officials to provide them with specific cell accommodations. Yet, such, requests, while often made, are rarely embraced by the courts. Instead, courts have routinely held that prisoner-plaintiffs are not entitled to

use the court's power to enjoin as a vehicle to compel prison officials to provide them with specific housing arrangements. See, e.g., Emile v. SCI-Pittsburgh, No. 04-974, 2006 WL 2773261, *6 (W.D.Pa.. Sept. 24, 2006) (denying inmate preliminary injunction in the form of z-code cell status); Brown v. Sobina, No. 08-128E, 2008 WL 4500482 (W.D.Pa. Oct. 7, 2008)(denying inmate preliminary injunction); Messner v. Bunner, No. 07-112E, 2009 WL 1406986 (W.D.Pa. May 19, 2009)(denying inmate preliminary injunction in the form of z-code cell status). Indeed, as the United States Court of Appeals for the Third Circuit has recently observed "[i]t is well-settled that prisoners do not have a due process right to be single-celled. See Rhodes v. Chapman, 452 U.S. 337(1981)." Hodges v. Wilson, 341 F.App'x 846, 849 (3d Cir. 2009). Therefore, inmate requests for court orders directing single-cell housing may properly be denied. Id.

### D. The Defendants Are Entitled to Qualified Immunity

Having found that Kerce's complaint only involved requests for injunctive relief, we do not believe that Kerce would be entitled in any event to seek to hold these prison officials personally liable for damages. However, to the extent that Kerce's complaint is broadly construed as one which also seeks to impose personal liability on the Defendants, we note that the Defendants have asserted the defense of qualified immunity in this case. Under the qualified immunity doctrine, Government officials performing "discretionary functions," are insulated from suit if their conduct

did not violate a "clearly established statutory or constitutional right[] of which a reasonable person would have known." Wilson v. Layne, 526 U.S. 603, 609 (1999); see also Pearson v. Callahan, —U.S.—, 129 S. Ct. 808, 815 (2009). This doctrine provides officials performing discretionary functions not only defense to liability, but also "immunity from suit." Crouse v. S. Lebanon Twp., 668 F. Supp. 2d 664, 671 (M.D. Pa. 2009) (Conner, J.) (citations omitted). Qualified immunity "balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. The protection of qualified immunity applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" Pearson, 129 S. Ct. at 815.

Determinations regarding qualified immunity, and its application in a given case, require a court to undertake two distinct inquiries. First, the court must evaluate whether the defendant violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 201-02 (2001), abrogated in part by Pearson, 129 S. Ct. 808; Curley v. Klem, 499 F.3d 199, 206 (3d Cir. 2007); Williams v. Bitner, 455 F.3d 186, 190 (3d Cir. 2006). If the defendant did not actually commit a constitutional violation, then the court must find in the defendant's favor. Saucier, 533 U.S. at 201. If the defendant is found to have committed a constitutional violation, the court must undertake a second, related

inquiry to assess whether the constitutional right in question was "clearly established" at the time the defendant acted.  Pearson, 129 S. Ct. at 815-16; Saucier, 533 U.S. at 201-02.  The Supreme Court has instructed that a right is clearly established for purposes of qualified immunity if a reasonable state actor under the circumstances would understand that his conduct violates that right.  Williams, 455 F.3d at 191 (citing Saucier, 533 U.S. at 202).

In order to find that a right is clearly established, "the right allegedly violated must be defined at the appropriate level of specificity."  Wilson, 526 U.S. at 615.  In this case, we find that the Defendants are entitled to qualified immunity on Kerce's Eighth Amendment claims relating to double-celling at the SMU unit in the Lewisburg Penitentiary. By 2010,  courts had repeatedly examined, and upheld, this double-celling housing policy at the Lewisburg Penitentiary SMU unit. See e.g., Mitchell v. Dodrill, 696 F.Supp.2d 454, 468 -469 (M.D.Pa. 2010);Harrison v. Bledsoe, Civ. No. 09-1600, 2010 WL 186804, *6 (M.D.Pa. Jan. 13, 2010) (finding no Eighth Amendment claim where the plaintiff alleges he is double-celled for twenty-three hours a day in SMU and that such double-celling leads to tension and stress); Hunter v. Bledsoe, No. 10-927, 2010 WL 3154963 (M.D. Pa. Aug. 9, 2010)(held SMU inmate has no constitutional right to single-cell status). In light of these rulings, consistently upholding the double-celling practices at the SMU, the Defendants simply could not have recognized that their actions applying these

constitutionally valid housing policies to Kerce would violate "clearly established statutory or constitutional right[] of which a reasonable person would have known." Wilson v. Layne, 526 U.S. 603, 609 (1999). Therefore, the Defendants are entitled to qualified immunity on these claims.[1]

### III.  Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Defendants' motion to dismiss, or in the alternative, for summary judgment, (Doc. 24) be GRANTED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where

---

[1]Because we are disposing of Kerce's claims in this fashion, we do not reach the Defendants' assertion that Kerce failed to exhaust his grievances with respect to this SMU placement, although we note that the exhibits attached to Kerce's complaint strongly suggest that the exhaustion requirement may have been satisfied in this case. (Doc. 1)

required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions

Submitted this 20th day of January, 2011.

*__S/Martin C. Carlson__*
Martin C. Carlson
United States Magistrate Judge