# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM GEORGE KERCE, | : | Civil No. 3:10-CV-1647 |
| Plaintiff, | : | |
| | : | (Judge Kosik) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| HARLEY LAPPIN, et al. | : | |
| Defendants. | : | |

## MEMORANDUM OPINION AND ORDER

**I.    Statement of Facts and of the Case.**

This case comes before the Court on a motion to compel discovery filed by the Plaintiff. (Doc. 31.) The Plaintiff, a Federal inmate who was formerly housed in the Special Management Unit at the United States Penitentiary, Lewisburg, commenced this action by filing an initial *pro se* complaint on August 9, 2010. (Doc. 1.) In his initial complaint Kerce named the Director of the Federal Bureau of Prisons, Harley Lappin; the Warden at the Lewisburg Penitentiary, B.A. Bledsoe; and an SIS Technician, known only as "N. Dreese", as Defendants. (Id.) Kerce's initial complaint recited that he was housed in the Special Management Unit (SMU) at Lewisburg, and alleged in a summary fashion that the practice of housing two inmates in each cell in this unit constituted cruel and unusual punishment in violation of the Eighth Amendment to the United states Constitution.  Kerce then demanded relief from the

Defendants in the form of an injunction directing that prisoners in the Special Management Unit "be housed, without exception, on single-cell status, one inmate per cell."(Id.) On August 12, 2010 Kerce filed an amended complaint. (Doc. 8.) Like his original complaint, Kerce's amended complaint contained a series of allegations concerning conditions of confinement at the SMU in the Lewisburg Penitentiary. (Id.) After reciting these prison conditions, Kerce's amended complaint set forth a specific, and narrowly tailored, prayer for relief. Specifically, Kerce sought only injunctive relief in this complaint, and simply requested that the Court enter an injunction prohibiting "coerced celling of inmates" in the SMU, and requiring prison officials to adopt a policy "to make double-celling elective, at the involved inmate[']s discretion." (Id.) We ordered this complaint for injunctive relief served upon the Defendants, who have now moved to dismiss the complaint. (Doc. 24.) In the meanwhile, events transpired which made Kerce's request for injunctive relief relating to his cell preferences at the Lewisburg Penitentiary SMU largely moot. Specifically, Kerce has reported that he is currently housed at the Medical Center for Federal Prisoners in Springfield, Missouri, where he is presently undergoing treatment for various chronic medical problems. (Doc. 21.) Despite the fact that Kerce no longer is housed in the SMU, and Kerce's complaint is the subject of a motion to

dismiss, Kerce has filed a motion for an order compelling wide-ranging discovery in this case. (Doc. 31.)

For the reasons set forth below, we will DENY this motion without prejudice to the parties pursuing appropriate discovery once the pending, and potentially dispositive, motion to dismiss is resolved.

## II. Discussion

Issues relating to the scope of discovery permitted under Rule 26 rest in the sound discretion of the court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This broad discretion extends to decisions under Rule 26(c) relating to the issuance of protective orders limiting and regulating discovery. Indeed, it is undisputed that: " '[t]he grant and nature of [a protective order] is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion.' Galella v. Onassis, 487 F.2d 986, 997 (2d Cir.1973) (citation omitted)."Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992).

Certain basic principles, however, guide the exercise of this discretion. One of these cardinal principles, governing the exercise of discretion in this field, is that the

district court may properly defer or delay discovery while it considers a potentially dispositive pretrial motion, provided the district court concludes that the pretrial motion does not, on its face, appear groundless. See, e.g., James v. York County Police Department, 160 F.App'x 126, 136 (3d Cir. 2005); Nolan v. U.S. Department of Justice, 973 F.2d 843,849 (10th Cir. 1992); Johnson v. New York Univ. Sch. of Ed., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Briefly deferring discovery in such a case, while the court determines the threshold issue of whether a complaint has sufficient merit to go forward, recognizes a simple, fundamental truth: Parties who file motions which may present potentially meritorious and complete legal defenses to civil actions should not be put to the time, expense and burden of factual discovery until after these claimed legal defenses are addressed by the court. This principle applies with particular force in civil rights actions like the instant case, where a party has filed a motion raising threshed consideration of claims of qualified immunity. It is well established that qualified immunity is " an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial [or the defendants is compelled to undergo other burdens of litigation]." Mitchell v. Forsyth, 472 U.S. 511, 526, (1985)(emphasis in original).

In our view these principles control here, and dictate how we should exercise our broad discretion in this field. The Defendants have filed a potentially dispositive motion, which raises defenses including qualified immunity, a defense which is "an *immunity from suit* rather than a mere defense to liability." Id. The merits of these claims are currently being addressed by the Court, ensuring a very prompt resolution of this motion. In this setting, we conclude, consistent with settled case law, that:

> "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.' " In re Currency Conversion Fee Antitrust Litigation, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) ( quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y.1991)) ( citing Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); Anti-Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

### III. Conclusion

Accordingly, for the foregoing reasons, the Plaintiff's motion to compel (Doc. 31), is DENIED, without prejudice to the parties pursuing appropriate discovery once the pending, and potentially dispositive, motion to dismiss is resolved.

5

So ordered this 20th day of January, 2011.

                                        ***S/Martin C. Carlson***
                                        Martin C. Carlson
                                        United States Magistrate Judge