UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM GEORGE KERCE,

              Plaintiff

v.

HARLEY LAPPIN, et al.,

              Defendants

Civil No. 3:10-CV-1645

(Judge Kosik)

FILED
SCRANTON
MAR 10 2011
PER _____
DEPUTY _____

## MEMORANDUM

Plaintiff, William George Kerce, a federal inmate currently housed at the federal inmate medical center in Springfield, Missouri, commenced this action by filing a pro se Complaint on August 9, 2010. (Doc. 1). Plaintiff filed an Amended Complaint on August 20, 2010. (Doc. 8). In it, he names B. A. Bledsoe, Warden; D. Young, Associate Warden; F. Perrin, Special Investigative Agent; D. Brewer, Unit Manager; and S. Heath, Lieutenant, as Defendants. (Doc. 8). In the Amended Complaint, Plaintiff alleges that while he was housed in the Special Management Unit ("SMU") at the United States Penitentiary in Lewisburg, Pennsylvania, he was subject to cruel and unusual punishment caused by the prison administration's practice of housing two inmates in a single cell in the SMU. Before the court for consideration is the January 20, 2011 Report and Recommendation of Magistrate Judge Martin C. Carlson recommending that Defendants' Motion to Dismiss, or in the Alternative for Summary Judgment, be granted. For the reasons that follow, we will adopt the Report and Recommendation and grant Defendants' Motion.

## Background

Plaintiff, William George Kerce, commenced this action by filing a pro se Complaint on August 9, 2010. (Doc. 1). The case was assigned to Magistrate Judge Martin C. Carlson. The Magistrate Judge issued a Memorandum and Order on August 12, 2010 directing Plaintiff to file an amended complaint. (Doc. 7). Plaintiff complied with the Order, and filed an Amended Complaint on August 20, 2010. (Doc. 8). In the Amended Complaint, "Plaintiff alleges the conditions of confinement at S.M.U. Lewisburg subjects him to a substantial and

pervasive risk of serious harm, and a constant threat of violence, and that Defendants were, and are 'deliberately indifferent,' to Plaintiff's unconstitutional deprivation of the 'minimal civilized measure of lifes necessities,' in regards to reasonable safety." (Doc. 8 at 1). The "sole purpose" of Plaintiff's Amended Complaint "is to use the courts power to address the unconstitutionally excessive risk of serious harm Plaintiff, and all other S.M.U. inmates encounter daily." (Doc. 8 at 3). Plaintiff requests "that this court enter judgment granting Plaintiff: a preliminary injunction ordering Defendants ... to forthwith [c]ease, desist, and immediately stop the coerced celling of inmates utilizing the use of force team; a prohibitory permanent injunction ordering Defendants ... to make double-celling elective, at the involved inmates discretion, to prevent the coerced celling of hostile inmates that has resulted in the unprecedented, excessive, and unreasonable risk of serious harm that makes suffering inevitable to S.M.U. inmates." (Doc. 8 at 13-14).

Defendants filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment on December 20, 2010, alleging that (1) the case should be dismissed due to Plaintiff's failure to exhaust his administrative remedies; (2) that the court should grant summary judgment in Defendants' favor because Plaintiff failed to state an adequate claim for deliberate indifference to a serious medical need; or (3) that summary judgment should be granted in Defendants' favor because Defendants are entitled to qualified immunity. (Doc. 27).

The Magistrate Judge issued a Report and Recommendation on January 20, 2011 (Doc. 33), recommending that Plaintiff's Amended Complaint be dismissed, but for reasons other than those posited by Defendants in their Motion to Dismiss. The Magistrate Judge recommended, *inter alia*, "that Plaintiff's complaint for injunctive relief, which seeks a court order requiring prison officials to adopt a policy to make double-celling elective, is now both moot and meritless." (Doc. 33 at 7).

Pursuant to Local Rule 72.3, Plaintiff was given fourteen (14) days, after being served with a copy of the Report and Recommendation, to make any objection to the Magistrate Judge's proposed findings, recommendation, or report. Plaintiff filed Objections to the Report and Recommendation on February 7, 2011. (Doc. 37). In the Objection, Plaintiff argues that

2

his claim is not moot. Plaintiff alleges that he will be sent back to USP Lewisburg and supplies an E-mail attachment to his Objections. (Doc. 37 at 4). For the reasons which follow, we will grant Defendants' Motion to Dismiss, but will do so based on Plaintiff's failure to exhaust his administrative remedies. We find that the issue is not moot, as opined by the Magistrate Judge, since it is reasonably likely to repeat itself once Plaintiff is returned to USP Lewisburg.

## Analysis

### Objections to a Report and Recommendation

When objections are filed to a report and recommendation of a magistrate judge, we review de novo the portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). Written objections to a report and recommendation must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local R. 72.3. We may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); M.D. Pa. Local R. 72.3. Although our review is de novo, we are permitted to rely upon the magistrate judge's proposed recommendations to the extent that we, in the exercise of sound discretion, deem proper. See United States v. Raddatz, 447 U.S. 667, 676 (1980); see also Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

### Pleading Standard

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief; the complaint must provide the defendant with fair notice of the claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Fowler v. UMPC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). More is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. Twombly, 550 U.S. at 555. The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for its claims. Legal conclusions without factual support are not entitled to the assumption of truth. See Ashcroft v. Iqbal, — U.S. —, —, 129 S.Ct. 1937, 1949-50 (2009) ("Threadbare recitals of

3

elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8). Once the court winnows conclusory allegations from those allegations supported by fact, which it accepts as true, the court must engage in a common sense review of the claim to determine whether it is plausible. This is a context-specific task, for which the court should be guided by its judicial experience. The court must dismiss the complaint if it fails to allege enough facts "to state a claim for relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

When a complaint is filed by a pro se litigant, it is to be liberally construed and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The Court of Appeals for the Third Circuit has instructed us to read pro se complaints liberally, especially pro se prisoners, who "are often at an informational disadvantage that may prevent them from pleading the full factual predicate for their claims." Spruill v. Gillis, 372 F.3d 218, 236 n.12 (citing Alston v. Parker, 363 F.3d 229, 233-34 (3d Cir. 2004)). We have reviewed the Report and Recommendation of the Magistrate Judge, and we agree with his ultimate conclusion that Defendants' Motion to Dismiss should be granted, but not because Plaintiff's claim is "moot and meritless," but because Plaintiff has failed to exhaust the administrative remedies available to him.

Plaintiff's main contention in his Amended Complaint is that double-celling of inmates at the SMU is a violation of the Eighth Amendment. He refers to this at times as "coerced celling" of inmates, and that such coercion is both an unconstitutional condition of

4

confinement, and presents a case of deliberate indifference by prison officials.[1] (Doc. 8 at 1). He further argues that "the sole purpose and intention of [his] complaint is to use the courts power to address the unconstitutionally excessive risk of serious harm Plaintiff, and all other SMU inmates encounter daily." (Doc. 8 at 3).

In his Report and Recommendation, the Magistrate Judge recommends dismissing Plaintiff's Amended Complaint for two main reasons: the claim is moot and meritless. (Doc. 33 at 7). It is undisputed that Plaintiff is no longer housed at USP Lewisburg. As stated by the Magistrate Judge, "Kerce's removal from Lewisburg Penitentiary renders his claim for injunctive relief moot...." (Doc. 33 at 8). As a general rule, an inmate's transfer to another prison, or his outright release from incarceration, moots a request for a declaratory judgment or injunctive relief. Sutton v. Rasheed, 323 F.3d 235, 248 (3d Cir. 2003); see Bronson v. Overton, Civ. A. No. 08-52E, 2010 U.S. Dist. LEXIS 60003, at *1 n.1 (E.D. Pa. May 27, 2010); see also Fortes v. Harding, 19 F. Supp. 2d 323, 326 (M.D. Pa. 1998); see also Abdul-Akbar v. Watson, 4 F.3d 195, 197 (3d Cir. 1993) (holding that an inmate's transfer from the facility complained of generally moots any equitable and/or declaratory claims). However, such "claims are not mooted when a challenged action is (1) too short in duration 'to be fully litigated prior to its cessation or expiration'; and (2) 'there [is] a reasonable likelihood that the same complaining party would be subjected to the same action again.'" See Sutton, 323 F.3d at 248 (citing Abdul-Akbar, 4 F.3d at 206). We find the latter to be the case here.[2]

---

[1] Plaintiff also appears to allege that his treatment is based on some sort of retaliation for his involvement as a witness in other cases. Plaintiff's Amended Complaint is confusing and, at times, rambling. We find that even assuming, arguendo, that Plaintiff was also raising a retaliation claim, his Amended Complaint (Doc. 8) fails to meet the legal and factual threshold of such a claim.

[2] In Plaintiff's Objections, he states that "Plaintiff's removal from USP Lewisburg Penitentiary is not permanent, he will be sent back to this facility, and will be placed back into hard restraints due to him trying to not get assaulted or killed by another inmate." (Doc. 37 at 1). We will assume for purposes of this matter that Plaintiff will be returned to USP Lewisburg. See Sutton, 323 F.3d at 248 ("[T]he dismissal of an action on mootness grounds requires the defendant to demonstrate that 'there is no reasonable expectation that the wrong will be repeated.'" (citing Northeastern Fla. Chapter of Assoc. Gen. Contractors of Am. v. City of Jacksonville, 508 U.S. 656 (1993)). Therefore, Plaintiff's claim is not moot because it is reasonable to expect that the wrong is capable of repetition when he returns to the correctional facility. Morever, as to Plaintiff's contention that he will be placed in "hard restraints," if such an event does occur, this would appear to be a result of Plaintiff's inability to follow prison policy and procedures, and not an

5

**Exhaustion**

The Prison Litigation Reform Act of 1995 "mandates early judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit." See 42 U.S.C. § 1997(e)(a); Jones v. Bock, 549 U.S. 199, 199 (2007). Pursuant to § 1997e(a), no action may be brought in federal court with respect to prison conditions by a prisoner until such administrative remedies as are available are exhausted. A prisoner must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be gained through the available grievance process. See Porter v. Nussle, 534 U.S. 516, 532 (2002). A futility exception is completely precluded by the mandatory exhaustion requirement. Nyhuis v. Reno, 204 F.3d 65, 71 (3d Cir. 2000). Further, an inmate is required to properly exhaust administrative remedies before filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. The failure to substantially comply with procedural requirements of the prison's grievance system will result in a procedural default of the claim. Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir. 2004).

The Bureau of Prison's ("BOP") administrative remedy procedure is set forth at 28 C.F.R. §§ 542 et seq. An inmate must first informally present his complaint to staff before filing a request for administrative relief. 28 C.F.R. § 542.13(a). If unsuccessful at informal resolution, an administrative remedy is filed with the warden at the institution where the inmate is confined. 28 C.F.R. at § 542.14(a). If dissatisfied with the response, an appeal can be filed with the Regional Office and then to the Central Office of the BOP. 28 C.F.R. at §§ 542.15(a) and 542.18. An administrative remedy is not fully exhausted until the Central Office has issued a decision on the merits of the claim. The Supreme Court has made clear that prisoners must exhaust administrative remedies as to any claim that arises in the prison setting,

---

arbitrary or cruel punishment of any kind.

regardless of any limitation on the kind of relief that may be gained through a grievance process. See Porter, 534 U.S. at 532 ("the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"); see also Booth v. Churner, 532 U.S. 731, 742 n.6 (2001). The Third Circuit has held that "it is beyond the power of this court... to excuse compliance with the exhaustion requirement." Nyhuis, 204 F.3d at 73; see also Spruill, 372 F.3d at 230.

The "failure to exhaust" requirement imposed by the PLRA is an affirmative defense that must be pleaded by defendants in a civil rights action. Jones, 549 U.S. at 216. The plaintiff-prisoner need not allege that he has exhausted his administrative remedies. Id. Rather, the burden falls on the defendant(s) to raise the defense of exhaustion. If the court finds that administrative remedies have not been exhausted, then the court must dismiss the action. Proper exhaustion requires compliance with the prison's procedural rules, including deadlines, for filing grievances and appeals. Woodford, 548 U.S. at 88. Failure to do so may result in the dismissal of a plaintiff's complaint.

In support of Defendants' Motion to Dismiss, Defendants attach the Declaration of Michael S. Romano, an attorney advisor at USP Lewisburg, who has direct access to inmates' administrative remedy records. (Doc. 25, Ex. 1). In the Declaration, Mr. Romano indicates that Plaintiff "has not initiated the administrative remedy process in regard to the issues raised in [his] Complaint." (Doc. 25, Ex. 1 at 5). Plaintiff has failed to exhaust his administrative remedies. In their Motion to Dismiss, Defendants raise this affirmative defense. (Doc. 25 at 3). Pursuant to the PLRA, Plaintiff may only proceed with those issues that have been properly exhausted. Plaintiff's failure to exhaust his administrative remedies prevents him from proceeding with this action. Based on the holdings in the aforementioned cases, we must dismiss Plaintiff's action. Because we are dismissing Plaintiff's claim based on his failure to exhaust his available administrative remedies, we need not address the merits– or lack thereof– of Plaintiff's claim.

## Conclusion

For the aforementioned reasons, we adopt the Report and Recommendation of the Magistrate Judge (Doc. 33), but not on the grounds presented in the Report and Recommendation. Accordingly, we will grant Defendants' Motion to Dismiss due to Plaintiff's failure to exhaust his available administrative remedies.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM GEORGE KERCE,

                Plaintiff

    v.

HARLEY LAPPIN, et al.,

                Defendants

Civil No. 3:10-CV-1647

(Judge Kosik)

## ORDER

AND NOW, this 9th day of March, 2011, IT IS HEREBY ORDERED THAT:

(1) The January 20, 2011 Report and Recommendation of Magistrate Judge Carlson (Doc. 33) is ADOPTED, but on other grounds than those stated in the Report and Recommendation;

(2) Defendants' Motion to Dismiss or in the alternative, Motion for Summary Judgment (Doc. 24) is GRANTED;

(3) The Clerk of Court is directed CLOSE this case, and FORWARD a copy of this Memorandum and Order to the Magistrate Judge.

Edwin M. Kosik
United States District Judge

9